UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



PRECISION TECHNOLOGY
CENTER LIMITED, LLC,
a Delaware corporation,
PRECISION TECHNOLOGY
CENTER GHBH, an Austrian
corporation, FONON TECHNOLOGY
LIMITED, a British corporation,
FONON INTERNATIONAL, S.A.,
a Panamanian corporation, and
DIMITRI NIKITIN,

    Plaintiffs,

v.    Case No. 99-643-CIV-ORL-18C

ACCUDYNE CORPORATION,
a Florida corporation, U.S. DISPLAY
CONSORTIUM, a California
corporation, and JAMES D. LAWSON,

    Defendants.
_____/

**ORDER**

    Dimitri Nikitin, together with several business entities, brings this action for monetary and injunctive relief claiming that Accudyne Corporation and several other defendants breached a licensing agreement between several of the parties and fraudulently induced the plaintiffs to enter into the agreement in order to steal the plaintiffs' proprietary technology. The defendants presently move to dismiss the action on grounds of abstention because there are already two parallel cases pending in state court. After reviewing the record and the applicable law, the Court concludes that dismissal is appropriate.

## I. Background

In this case, the plaintiffs assert state law claims for breach of contract, conversion, replevin, and fraud, and they press a single federal claim under the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. § 1961 ("RICO"). All of these claims arise from the alleged breach of an April 25, 1997 licensing agreement between Accudyne Corporation, James D. Lawson, Dimitri Nikitin, and Vladimir Kondratenko. Under the agreement, Messrs. Nikitin and Kondratenko, individually and on behalf of the companies owned by them, agreed to license certain technology related to laser glass-cutting. The plaintiffs contend that the defendants breached the agreement by marketing the technology without making any royalty payments allegedly due under the agreement.

Prior to the filing of this case, Accudyne Corporation brought an action in state court, Case No. 97-20897-CA-V, against Messrs. Nikitin and Kondratenko claiming that Messrs. Nikitin and Kondratenko breached the April 25, 1997 agreement by withholding knowledge of the proprietary technology and that they tortiously interfered with a contractual relationship between Accudyne Corporation and one of its clients, U.S. Display Consortium. (Compl. Case No. 97-20897-CA-V, Doc. 7, Ex. A.) Also prior to this case, Accudyne Corporation sued Messrs. Nikitin and Kondratenko in state court, Case No. 98-12897-CA-F, seeking a declaratory judgment that Messrs. Nikitin and Kondratenko breached the April 25, 1997 agreement. (Am. Compl. Case No. 98-12897-CA-F, Doc. 7, Ex. B.) Both of the state court actions are currently pending.

## II. Discussion

The defendants argue that dismissal of this case is appropriate on grounds of abstention. In support of their argument, the defendants rely upon *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976) and *Moses H. Cone Memorial Hospital v. Mercury*

2

*Construction*, 460 U.S. 1 (1983). In *Colorado River* and *Moses H. Cone*, the Supreme Court recognized that a district court may dismiss a federal action in deference to a pending parallel state court action in certain "exceptional circumstances." To determine whether dismissal is appropriate, the Court must first consider whether a parallel state action exists and then determine whether exceptional circumstances exist that warrant abstention.

A pending state court action is parallel to a federal action where "substantially the same parties litigate substantially the same issues in different forums." *McLaughlin v. United Va. Bank*, 955 F.2d 930, 935 (4th Cir. 1992); *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990) (defining the issue as not "whether the state and the federal suit are identical, but only if they are parallel .... if substantially the same parties are litigating substantially the same issues simultaneously in two fora"); *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n. 4 (9th Cir. 1993) (discussing how "the requirement of 'parallel' state court proceedings implies that those proceedings are sufficiently similar to the federal proceedings to provide relief for all of the parties claims"), *cert. denied,* 114 S. Ct. 2675 (1994); *Allen v. Board of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995) (considering state and federal suits "parallel if substantially the same parties litigate substantially the same issues in different forums"); *cf. Chrysler Credit Corp. v. Marino*, 63 F.3d 574, 578 (7th Cir. 1995) (stating "a suit is only duplicative if it involves the same claims, parties, and available relief").

Here, the parties and issues are substantially the same in all three cases. The parties are substantially the same because the core parties to the agreement, Accudyne Corporation and Dimitri Nikitin, are the same in all three cases. Although several corporate parties in this case are not in the state cases including Precision Technology Center Limited, Precision Technology Center, Fonon Technology Limited, and Fonon International, Mr. Nikitin allegedly owns and holds his rights to the proprietary technology through these entities. Consequently, these corporate

3

entities have the same interests as Mr. Nikitin in the litigation and are substantially the same as Mr. Nikitin for purposes of an abstention analysis. Similarly, defendants James D. Lawson and U.S. Display Consortium are substantially the same as defendant Accudyne Corporation for purposes of abstention because James D. Lawson is the president of Accudyne Corporation and because U.S. Display Consortium became involved in the litigation solely by way of entering into contracts with Accudyne Corporation.

Not only are the parties substantially the same, but also the issues are substantially the same because the keystone issue in all three cases is the breach of the April 25, 1997 agreement. Although this case unlike the state court actions includes a RICO claim, the existence of the RICO claim does not change the nature of this case because the RICO claim itself will turn in part upon whether the April 25, 1997 agreement was breached.

Because the Court finds that this case is parallel to the state court proceedings, the Court now turns to the issue of whether exceptional circumstances exist to justify abstention. The Supreme Court established six factors that a district court should consider in determining whether exceptional circumstances exist: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights. *See Colorado River Water Conservation Dist.*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 23, 26. "The weight to be given any one factor may vary greatly depending on the case; however, the balance is 'heavily weighted' in favor of the federal court exercising jurisdiction." *American Bankers Ins. Co. v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir. 1990).

Here, the factors on balance weigh in favor of abstention. The state courts have already taken jurisdiction over the plaintiffs' claims, and thus, if this Court were to retain jurisdiction over

4

this case, the Court would simply be duplicating the state courts' efforts and creating the possibility of piecemeal litigation. Moreover, this case involves primarily issues of state contract law. Even the RICO claim, which is the only federal claim, involves issues of state law because the RICO claim will turn in part upon the issue of whether the contract was breached. Furthermore, the plaintiffs can add to the state court actions their RICO claim and defendants U.S. Display Consortium and James Lawson, and thus the Court can find no reason why the state fora would be inadequate to protect the parties' rights. Based upon these factors, the Court finds on balance that exceptional circumstances exist to justify abstention. *See Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 815 F. Supp. 127 (S.D.N.Y. 1993) (abstaining even though the plaintiff raised a RICO claim because the ownership of a corporation and limited partnership was the core issue in both the federal case and two related, pending state court actions, and thus there was a strong possibility of piecemeal litigation).

### III. Conclusion

For the foregoing reasons, the Court abstains from the plaintiffs' case, and the defendants' motion (doc. 5) to dismiss is **GRANTED** without prejudice as to the plaintiffs' right to pursue their claims in the state court proceedings. It is **SO ORDERED** in Orlando, Florida this 2 day of November, 1999.

G. KENDALL SHARP
United States District Judge

Copies to all counsel of record